

(Official Form B1, P1, 9-01)

Page 1 of 30 **Chapter 13W/Plan**

| UNITED STATES BANKRUPTCY COURT | Northern**DISTRICT OF** Illinois | **Voluntary Petition** |
|---|---|---|

| Name of Debtor(If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| Barclay, William C. | ~~Roberta A.~~ Barclay, Roberta A |
| All Other Names used by debtor in the last 6 years (include married, maiden and trade names): | All Other Names used by the joint debtor in the last 6 years (include married, maiden and trade names): 35647 N Oakwood Avenue Ingleside, IL 60041 |
| Soc. Sec./Tax I.D. No. (If more than one, state all): -4747 | Soc. Sec./Tax I.D. No. (If more than one, state all): -3367 |
| Street Address of Debtor (No. and street, city, state, zip): 35647 N. Oakwood Avenue Ingleside, Illinois 60041 | Street Address of Joint Debtor (No. and Street, City, State, Zip Code): 35647 N Oakwood Avenue Ingleside, Illinois 60041 |
| County of Residence or of the Principal Place of Business: Lake | County of Residence or of the Principal Place of Business: Lake |
| Mailing Address of Debtor (If different from street address) | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor (If different from addresses listed above) | |

## Information Regarding the Debtor  (Check the Applicable Boxes)

Venue: (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

| **Type of Debtor** (Check all applicable box) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ■ Individual(s) | ☐ Railroad | ☐ Chapter 7  ☐ Chapter 11  ■ Chapter 13 | |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9  ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304-Case ancillary to foreign proceeding | |
| ☐ Other | | | |

**Nature of Debts** (Check one box)
- ■ Consumer/Non-business  ☐ Business

**Filing Fee** (Check one box)
- ■ Filing fee attached.
- ☐ Filing fee to be paid in installments. (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Offical Form No.3.

**Chapter 11, Small Business** (Check all boxes that apply)
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

## Statistical/Administrative Information (Estimates Only)

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expen... be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-... |
|---|---|---|---|---|---|
| ■ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $5... |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts (Check one box)

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $5... |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

THIS SPACE IS FOR COURT USE ONLY

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 02/19/2004
Time: 17:13:03
Debtor: WILLIAM C BARCLAY
Case: 04-06390   Fee : 194
Chapter: 13 Re . # : 3063344
Judge: A Benje in Goldgar
341 mtg: 03/23/2004 @ 12:30PM
ConfHrg: 04/16/2004 @ 11:00AM
Trustee: GLENN STEARNS

1:04BK06390-BK001



**Official Form B1 P2, 9-01**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Barclay, William C. |

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location | Case Number: | Date Filed: |
|---|---|---|
| Where Filed: ND-ED Lake County | 02-04376 | 02/04/2002 |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| | 0 | |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _WC Barclay C._
Signature of Debtor

X _Roberta A Barclay_
Signature of Joint Debtor

Telephone Number (if not represented by attorney)
Date: _2/16/04_

**Signature of Attorney**

X _Gary N Foley_
Signature of Attorney for Debtor(s)

Gary N Foley
Printed Name of Attorney for Debtor(s)

Shaw & Foley
Firm Name

33 North County Street Ste. 302
Address

Waukegan, Illinois 60085

847-244-4696
Telephone Number
Date: _2/16/04_

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that he or she may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____ _2/16/04_
Signature of Attorney for Debtor(s)      Date

**EXHIBIT C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Signature(s) of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Print or Type Name of Authorized Individual

_____
Title of Authorized Individual by Debtor to File this Petition
Date:

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. §110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other Individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

Date:

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. §156.

Form B6 A W (12-95)

In re: Barclay, William C.                                    Debtor(s)  Case No.                    (if known)
        Roberta A. Barclay

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Residence – 35647 N. Oakwood Avenue, Ingleside, IL 60041 | Solely Owned by Husband | | 120,000.00 | 108,000.00 |
| | | Total -> | 120,000.00 | (Report also on Summary of Schedules) |

Form B6 C W (11-95)

Blumberg Resale Publisher, NYC 10013

In re: Barclay, William C.
     Roberta A. Barclay
                                                    Debtor(s)   Case No.                    (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1):  Exemptions provided in 11 U.S.C. § 522(d). Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Residence - 35647 N. Oakwood Avenue, Ingleside, IL 60041 | | 7,500.00 | 120,000.00 |
| 1987 Toyota Supra 255k | | 400.00 | 400.00 |
| Four Rooms of Furniture | 735 ILCS 5/12-1001(b) Equity Interest in any Other Property | 400.00 | 400.00 |
| Clothing | 735 ILCS 5/12-1001(a) Wearing Apparel, Bible, School Books and Family Pictures | 300.00 | 300.00 |

Form B6 C W (11-95)

in re: Barclay, William C.
    Roberta A. Barclay

Debtor(s)  Case No.                    (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C.§ 522(d).  Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Checking Account - Harris Bank | | 10.00 | 10.00 |
| 1978 Dodge Coachman Motor Home | | 1,200.00 | 2,000.00 |
| Cash On Hand | | 100.00 | 100.00 |
| Miscelaneous | | 200.00 | 200.00 |

**Form B6 C W (11-95)**

Blumberg... Excelsior, Publisher, New York 10013

In re: Barclay, William C.
       Roberta A. Barclay

Debtor(s)   Case No.                    (if known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one Box).

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C § 522(d). Note: These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Jewelry | | 200.00 | 200.00 |
| 2003 Tax Refund Rec. 04/04 | | 2,300.00 | 2,300.00 |
| 1995 Ford Explorer 210K | | 700.00 | 700.00 |

Form B6 D W (11-95)

In re: Barclay, William C.
     Barclay, Roberta A

Debtor(s)   Case No.       (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | CUD* |
|---|---|---|---|---|---|---|
| A/C # 130366667 | | | VALUE $ 120,000.00 | 89,385.00 | 0.00 | |
| Homeside Lending, Inc. P.O. Box 44255 Jacksonville, FL 32231-4255 | | | 1st Mortgage | | | |
| A/C # 01CH1615 | | | VALUE $ 120,000.00 | 18,956.97 | 0.00 | |
| Homeside Lending, Inc. c/o Shapiro & Kreisman 4201 Lake-Cook Road Northbrook, IL 60062 | | | 1st Mortgage Arrears | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

|  | | |
|---|---|---|
| Subtotal -> (Total of this page) | 108,341.97 |
| Total -> | 108,341.97 |

_____ Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.    (Report total also on Summary of Schedules)

Form B6 E W (Rev 4/98)

In re: Barclay, William C.                    Debtor(s)  Case No.              (if known)
       Barclay, Roberta A

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4300 per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(3)

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $4300 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to a maximum of $1950 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6)

☐ **Alimony, Maintenance, or Support**
Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(8).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | C U D * |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| | | | | | | |
| A/C # | | | | | | |
| | | | | | | |
| A/C # | | | | | | |
| | | | | | | |
| | | | Subtotal -> (Total of this page) | 0 00 | | |
| | | | Total -> (use only on last page of the completed Schedule E.) | | | |

___X___ Continuation Sheets attached.

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.     (Report total also on Summary of Schedules)



FORM B6F(Official Form6F) (9/97)  Blumberg... 0013

In re: Barclay, William C. _____,     Case No. _____
               Debtor                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns).

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> Lakes Region Sani <br> 3286 <br> 25380 W Main Street <br> Ingleside, Illinois 60041 | | | Utility | | | | 200.00 |
| ACCOUNT NO. <br> 2570416001 <br> Com Ed <br> Bill Payment Center <br> Chicago, Illinois 60668-0001 | | | Utility | | | | 205.09 |
| ACCOUNT NO. <br> 0803378 <br> Condell Acute Care Center <br> 3866 Eagle Way <br> Chicago, Illinois 60678-1368 | | | Medical | | | | 49.00 |
| ACCOUNT NO. <br> 600026 <br> Household Auto Finance <br> P.O. Box 17904 <br> San Diego, CA 92177-7904 | | | 1996 Chevrolet Astro Van v6 cargo | | | | 5,000.00 |
| ACCOUNT NO. <br> 527006211 <br> Nicor <br> P.O. Box 310 <br> Aurora Illinois 60507-0310 | | | Medical | | | | 572.66 |

|  |  |
|---|---|
| Subtotal | $  6,026.75 |
| Total | $ |

___X___ continuation sheets attached.

(Use only on last page of completed Schedule F.)

FORM B6F

Blumberg Excelsior Supplier NYC 10013

In re  Barclay, William C.                                    Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 60026<br>Ramsey Law Firm<br>Attn: Household Auto Finance C<br>P.C.Box 201347<br>Arlington, Texas 76006 | | J | 1996 Chevy Astro Van | | | | 5,000.00 |
| ACCOUNT NO. 847-587-5856<br>Scott Goldman Inc<br>P.C.Box 6826<br>Buena Pk California 90620 | | | Advertisement | | | | 133.26 |
| ACCOUNT NO. 22181<br>The Childrens Health Center<br>2645 Washingtn Street<br>Waukegan, Illinois 60085 | | | Medical | | | | 60.00 |
| ACCOUNT NO. 003000000079903<br>Ultra Care<br>2201 Janice Avenue<br>Melrose Park Illinois 60160 | | | | | | | 154.29 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

|  |  |
|---|---|
| Subtotal | $    5,347.55 |
| Total | $   11,374.30 |

_____ continuation sheets attached.                (Use only on last page of completed Schedule F.)

Form B6 G W (11-95)

In re: Barclay, William C.
Barclay, Roberta A

Debtor(s)    Case No.    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS  INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**Form B6 H W (11-95)**

In   Barclav, William C.
re:  Barclay, Roberta A

Debtor(s)   Case No.                    (if known)

## SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

Form B6 I W (11-95)    Blumberg Excelsior Publisher, NYC 10013

In re: Barclav, William C.
Roberta A. Barclay

Debtor(s)    Case No.    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|
| Debtor's Marital Status | NAMES | AGE | RELATIONSHIP |
| Married | Haley | 6 | Daughter |
| | Casey | 2 | Daughter |
| | Billie | 1 | Son |
| | Nicole | 1 | Daughter |

| Employment | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Service Technician | Unemployed |
| Name of Employer | John Stoner & Co. | |
| How long employed | 8 Years | |
| Address of Employer | 7510 S. Virginia Road Crystal Lake, IL 60014 | |

Income: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ 5,000.00 | $ 0.00 |
| Estimate monthly overtime | 0.00 | 0.00 |
| SUBTOTAL | $ 5,000.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | 1,100.00 | 0.00 |
| b. Insurance | 250.00 | 0.00 |
| c. Union dues | 0.00 | 0.00 |
| d. Other (Specify) | | |
| Uniform | 40.00 | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,390.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | 3,610.00 | $ 0.00 |
| Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | 0.00 | 0.00 |
| Income from real property | 0.00 | 0.00 |
| Interest and dividends | 0.00 | 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's | | |
| use or that of dependents listed above. | 0.00 | 0.00 |
| Social security or other government assistance (Specify) | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| Pension or retirement income | 0.00 | 0.00 |
| Other monthly income (Specify) | | |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| | 0.00 | 0.00 |
| TOTAL MONTHLY INCOME | $ 3,610.00 | $ 0.00 |

TOTAL COMBINED MONTHLY INCOME    $ 3,610.00    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Form B6 J W (11-95)

In re: Barclay, William C.
Roberta A. Barclay

Debtor(s)   Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| Rent or home mortgage payment  (include lot rented for mobile home) | $       1,000.00 |
| Are real estate taxes included? ☑ Yes ☐ No   Is property insurance included? ☑ Yes ☐ No | |
| Utilities  Electricity and Heating Fuel | 350.00 |
|     Water and Sewer | 60.00 |
|     Telephone | 100.00 |
|     Other  Waste | 60.00 |
| | 0.00 |
| | 0.00 |
| Home maintenance (repairs and upkeep) | 30.00 |
| Food | 775.00 |
| Clothing | 100.00 |
| Laundry and dry cleaning | 55.00 |
| Medical and dental expenses | 100.00 |
| Transportation (not including car payments) | 250.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | 30.00 |
| Charitable contributions | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | 0.00 |
|     Life | 0.00 |
|     Health | 0.00 |
|     Auto | 60.00 |
|     Other | |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) | 0.00 |
| | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | $ |
|     Auto | $       0.00 |
|     Other | 0.00 |
| | 0.00 |
| | 0.00 |
| | 0.00 |
| Alimony, maintenance, and support paid to others | 0.00 |
| Payments for support of additional dependents not living at your home | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | 0.00 |
| Other | |
|     School Expenses, Lunches, Fees | 100.00 |
| | 0.00 |
| | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $       3,070.00 |

**(FOR CHAPTER 12 AND 13 DEBTORS ONLY)**
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | 3,610.00 |
| B. Total projected monthly expenses | 3,070.00 |
| C. Excess income (A minus B) | $       540.00 |
| D. Total amount to be paid into plan each | $       0.00 |
|     (Interval) | |

**Form B6 SUM W (11-95)**

# UNITED STATES BANKRUPTCY COURT   Northern **DISTRICT OF** Illinois

In re: Barclay, William C.
Roberta A. Barclay                                    Debtor(s)   Case No.                    (if known)

See summary below for the list of schedules.  Include Unsworn Declaration under Penalty of Perjury at the end.

GENERAL INSTRUCTIONS:  Schedules D, E and F have been designed for the listing of each claim only once.  Even when a claim is secured only in part, or entitled to priority only in part, it still should be listed only once.  A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only.  Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | X | 1 | 110,000.00 | | |
| B - Personal Property | X | 3 | 8,600.00 | | |
| C - Property Claimed as Exempt | X | 1 | | | |
| D - Creditors Holding Secured Claims | X | 1 | | 114,975.00 | |
| E - Creditors Holding Unsecured Priority Claims | X | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | X | 3 | | 3,415.00 | |
| G - Executory Contracts and Unexpired Leases | X | 1 | | | |
| H - Codebtors | X | 1 | | | |
| I - Current Income of Individual Debtor(s) | X | 1 | | | 3,780.00 |
| J - Current Expenditures of Individual Debtor(s) | X | 1 | | | 3,200.00 |
| Total Number of Sheets of All Schedules | | 14 | | | |
| Total Assets | | | 118,600.00 | | |
| Total Liabilities | | | | 118,390.00 | |

Form B6 Cont. W (11-95)

In re: Barclay, William C.
Barclay, Roberta A                                    Debtor(s) Case No.                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and
that they are true and correct to the best of my knowledge, information, and belief.
                                                                          (Total shown on summary page plus 1.)

Date  2/16/04                    Signature  WCBarclay Sr.
                                            Barclay, William C                        Debtor
Date  2/16/04                    Signature  Roberta A Barclay
                                            Barclay, Roberta A    (Joint Debtor, if any)
                                            (if joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have
provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer            Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

X_____          _____
Signature of Bankruptcy Petition Preparer                        Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines
or imprisonment or both.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation
or a member or an authorized agent of the partnership) of the _____ (corporation or partnership)
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
(Total shown on summary page plus 1.)

Date _____                    Signature_____

                                            (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. § 152 and 3571.

Form 7W Stmt. of Financial Affairs (12-95)

# STATEMENT OF FINANCIAL AFFAIRS

### UNITED STATES BANKRUPTCY COURT

Northern DISTRICT OF Illinois

In re: Barclay, William C.
Roberta A. Barclay

Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Qu the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

---

NONE

## 1. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.) Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 5,400.00 | Current Wages - Year to Date |
| 54,600.00 | 2002 Wages |
| 50,000.00 | 2003 Wages |

NONE

| | **2. INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS**

State the amount of income received by the debtor other than employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 2,300.00 | 2003 Tax Refund in 2004 |
| 2,700.00 | 2002 Tax Refund in 2003 |

NONE

|X| **3A. PAYMENTS TO CREDITORS**

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

| | **3B. PAYMENTS TO CREDITORS**

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWNING |
|---|---|---|---|
| Friend Jason Martin | 1/04 | 250.00 | 0.00 |
| Floyd Barclay Father Purchase of furnace | 12/03 | 1700.00 | 1,000.00 |
| Floyd Barclay Pmt For Car | 01/04 | 700.00 | 0.00 |

NONE

| | **4A. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS**

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Homeside Lending v. Barclay | Foreclosure | Lake County | SaleDate 02/27/2004 |

NONE

|X| **4B. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTION, GARNISHMENTS AND ATTACHMENTS**

Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

| | **5. REPOSSESSIONS, FORECLOSURES, AND RETURNS**

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Household Auto Finance | 1/3/2004 | Chevrolet Astro Van 1996 |

NONE

|X| **6A. ASSIGNMENTS AND RECEIVERSHIPS**

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE

|X| **6B. ASSIGNMENTS AND RECEIVERSHIPS**

List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **7. GIFTS**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **8. LOSSES**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
| | **9. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Gary N Foley<br>Shaw & Foley L.L.C.<br>33 North County Street<br>Suite 302<br>Waukegan, Illinois 60085 | 2/16/2004 | 1200.00 |

NONE
|X| **10. OTHER TRANSFERS**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **11. CLOSED FINANCIAL ACCOUNTS**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **12. SAFE DEPOSIT BOX**

List each safe deposit or other box or depository in which the debt has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **13. SETOFFS**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE
|X| **14. PROPERTY HELD FOR ANOTHER PERSON**

List all property owned by another person that the debtor holds or controls.

NONE
|X| **15. PRIOR ADDRESS OF DEBTOR**

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

NONE
|X| **16. SPOUSES AND FORMER SPOUSES**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides with the debtor in the community property state.

NONE
|X| **17A. ENVIRONMENTAL INFORMATION**

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

NONE
|X| **17B. ENVIRONMENTAL INFORMATION**

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

NONE
|X| **17C. ENVIRONMENTAL INFORMATION**

List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NONE
|X| **18A. NATURE, LOCATION, AND NAME OF BUSINESS**

If the debtor is an individual, list the names, addresses, taxpayer indentification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

NONE
|X| **18B. NATURE, LOCATION, AND NAME OF BUSINESS**

Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

NONE
|X| **19A. BOOKS, RECORDS, AND FINANCIAL STATEMENTS**

List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NONE
|X| **19B. BOOKS, RECORDS, AND FINANCIAL STATEMENTS**

List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NONE
|X| **19C. BOOKS, RECORDS, AND FINANCIAL STATEMENTS**

List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NONE
|X| **19D. BOOKS, RECORDS, AND FINANCIAL STATEMENTS**

List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years preceding the commencement of this case by the debtor.

NONE

|X| **20A. INVENTORIES**

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

NONE

|X| **20B. INVENTORIES**

List the name and address of the person having possession of the records of each of the two inventories report in a., above.

NONE

|X| **21A. CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

If the debtor is a partnership, list the nature and percentage of the partnership interest of each member of the partnership.

NONE

|X| **21B. CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

If debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

NONE

|X| **22A. FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NONE

|X| **22B. FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS**

If the debtor is a corporation, list all officers or directors whose relationship with the company terminated within one year immediately preceding the commencement of this case.

NONE

|X| **23. WITHDRAWALS FROM A PARTNERSHIP OR DISTRIBUTIONS BY A CORPORATION**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NONE

|X| **24. TAX CONSOLIDATION GROUP**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of this case.

NONE

|X| **25. PENSION FUNDS**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of this case.

Blumberg Service, Publisher, NYC 10013

**Unsworn Declaration SFA**
W (11-95)

In re: Barclay, William C.
       Barclay, Roberta A

Debtor(s)   Case No.                    (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   2/16/04                    Signature   *WC Barclay Sr.*
                                   Barclay, William C.                    Debtor

Date   2/16/04                    Signature   *Roberta A Barclay*
                                   Barclay, Roberta A        (Joint Debtor, if any)
                                   (if joint case, both spouses must sign.)

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____          _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:




If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.
X _____
Signature of Bankruptcy Petition Preparer                    Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
Continuation sheets attached

Date                    Signature   *WC Barclay Sr.*

                                   (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY:
Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.

3085W Stmt of Comp.:
Rule 2016(b) (12-95)

# UNITED STATES BANKRUPTCY COURT    Northern **DISTRICT OF**   Illinois

In re: Barclay, William C.
Barclay, Roberta A

Debtor(s)   Case No.                    (if known)

## STATEMENT
### Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)  for legal services rendered or to be rendered in comtemplation of and in connection

        with this case                                                $   2,400.00

    (b)  prior to filing this statement, debtor(s) have paid            $   1,000.00

    (c)  the unpaid balance due and payable is                   $   1,400.00

(3)  $    194.00            of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:

    (a)   analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.

    (b)   preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

    (c)   representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:

Dated:  2/16/04

Respectfully submitted, Gary N Foley

(06237070)      **Attorney for Petitioner**

**Attorney's name and address** 33 North County Street  Suite 302  Waukegan,  Illinois  60085

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

*BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

2

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES  *[Check one option.]*

☒ Option A: flat fee through confirmation

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ 2,000⁰⁰ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

☐ Option B: flat fee through case closing

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ _____ . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

3. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

4

4. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

5. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

Date:

Signed:

Attorney for Debtor(s)

Debtor(s)

5